UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE C. BLUE, JR., | No. 2: 23-cv-0263 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| A. ARELLANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments

of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

For the reasons stated herein, the undersigned recommends that this action be dismissed based on plaintiff's failure to exhaust administrative remedies.

Named as defendants are A. Arellano, R. Gonzalez, J. Charon and Patrick Covello. (ECF No. 1 at 2.) The complaint contains two claims for relief. (Id. at 3, 4.) Plaintiff states that administrative remedies are available at his institution, but he did not exhaust administrative remedies as to either claim because he seeks only money damages. (Id. at 3, 4.)

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners pursuing civil rights claims under 42 U.S.C. § 1983 must first exhaust administrative remedies. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Supreme Court has held that the PLRA requires a prisoner to complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the prisoner seeks money damages and such relief is not available under the administrative process. See Booth v. Churner, 532 U.S. 731, 740-41 (2001); see also Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (requiring inmates to exhaust all claims substantively and procedurally through administrative remedies before filing suit in court).

Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, see Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), a court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," id. at 1166. See also Meador

v. Pleasant Valley State Prison, 333 F.App'x 177, 178 (9th Cir. 2009) (sua sponte dismissal for failure to exhaust administrative remedies is appropriate if the complaint establishes the prisoner's failure to exhaust).

As discussed above, plaintiff is required to exhaust administrative remedies even if he seeks only money damages. It is clear from the face of plaintiff's complaint that plaintiff failed to exhaust the available administrative remedies prior to filing this action. Accordingly, the undersigned recommends that this action be dismissed based on plaintiff's failure to exhaust administrative remedies. Plaintiff may file a new action raising the claims raised in the instant action after he exhausts administrative remedies.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 22, 2023

blue263.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE